FERNANDEZ, Circuit Judge,
concurring and dissenting:
I concur in parts IIIB and C of the majority opinion and in the result.
I do not concur in part IIIA. To the extent that it is necessary to opine on diversity jurisdiction, which it probably is not, I do not agree that there is diversity. We know that a tribe is not a foreign state. See Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1226 (9th Cir.1989). We know that a tribe is neither a state nor a citizen of a state, but we treat tribal corporations that way for diversity purposes. See Am. Vantage Cos., Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1094 n. 1 (9th Cir.2002); R.J. Williams Co. v. Fort Belknap Housing Auth., 719 F.2d 979, 982-83 (9th Cir.1983). We also know that corporations are usually citizens of the state of incorporation and of the state where their principal place of business is located. See 28 U.S.C. § 1332(c)(1); Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir.1990). We also know that this court has further indicated that, in general, a tribal corporation is a citizen of the state (here three states) within whose boundaries the reservation is located. See Stock W., 873 F.2d at 1226. While the majority rejects the latter proposition, it is one simple way to resolve the question before us and is no more fictional than the approach adopted *729 by the majority. Finally, If we are going to apply the usual corporate diversity rule, I see no principled basis for accepting the fiction that for diversity purposes a corporation that has its principal place of business (here its only place of business) on tribal property has its principal place of business in a state (Nevada), while rejecting the fiction that for diversity purposes a state “where” the corporation was incorporated (here the tribal headquarters in California) is a corporation “of’ that state even though it was not incorporated by that state (California). See Indus. Tectonics, 912 F.2d at 1092 (“a corporation is a citizen of any state where it is incorporated.”). Especially is that true where the corporation, as here, is an arm of the tribe.
Therefore, I respectfully concur in part and dissent in part.